ORDERED UNSEALED on 11/24/2025   s/ andreasan

**SEALED**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> LESLIE KAY PETERSON, a/k/a Ronald Allen Steele, <br> Defendant | Case No. '25 MJ5055 <br><br> COMPLAINT FOR VIOLATION OF: <br><br> Title 18, U.S.C., Section 1542 – False Use of Passport (Felony) <br><br> **UNDER SEAL** |

The undersigned complainant, being duly sworn states:

### Count 1

On or about November 29, 2021, within the Southern District of California, defendant Leslie Kay PETERSON, did willfully and knowingly use United States Passport Number 50899302, issued under the authority of the United States, the issuance of which was secured by reason of a false statement made in the application therefore which falsely stated that defendant was named "Ronald Allen Steele," which said passport defendant used to gain entry into the United States at the Otay Mesa, California Port of Entry; in violation of Title 18, United States Code, Section 1542, a felony.

### Count 2

On or about May 24, 2022, within the Southern District of California, defendant Leslie Kay PETERSON, did willfully and knowingly use United States Passport Number 50899302, issued under the authority of the United States, the issuance of which was secured by reason of a false statement made in the application therefore which falsely stated that defendant was named "Ronald Allen Steele," which said passport defendant used to

gain entry into the United States at the Calexico, California Port of Entry; in violation of Title 18, United States Code, Section 1542, a felony.

### Count 3

On or about April 20, 2023, within the Southern District of California, defendant Leslie Kay PETERSON, did willfully and knowingly use United States Passport Number 50899302, issued under the authority of the United States, the issuance of which was secured by reason of a false statement made in the application therefore which falsely stated that defendant was named "Ronald Allen Steele," which said passport defendant used to gain entry into the United States at the Calexico, California Port of Entry; in violation of Title 18, United States Code, Section 1542, a felony.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
Myles Wilmington, Special Agent
U.S. Department of State, Diplomatic Security Service

Sworn and attested to under oath by telephone, in accordance with Federal Rule of Criminal Procedure 4.1, this 15 of September 2025. I also order that this complaint, probable cause statement, and arrest warrant be filed under seal.

_____
HON. MICHAEL S. BERG
UNITED STATES MAGISTRATE JUDGE

2

STATEMENT OF FACTS

I, Special Agent Myles Wilmington, declare under penalty of perjury the following to be true and correct:

I am an "investigative or law enforcement officer" of the United States within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for the offenses enumerated in 18 U.S.C. § 1542.

I am a Special Agent with the U.S. Department of State's Diplomatic Security Service ("DSS") and have been so employed since 2008. I am presently assigned to the DSS San Diego Resident Office ("SDRO"). SDRO primarily investigates passport and visa fraud, as well as human smuggling and trafficking. These investigations typically target criminal activities domestically and overseas. Prior to this assignment, I spent two years working as a Special Agent at the United States Embassy in Moscow, Russia where I managed counterintelligence investigations and activities for the United States Government. At the United States Embassy in Moscow, I also investigated passport and visa fraud, money laundering, drug smuggling, human trafficking, and international flight to avoid prosecution. Through this position, as well as my time spent overseas as a DSS Special Agent at the United States Embassies in Kabul, Afghanistan, Sanaa, Yemen, and Tegucigalpa, Honduras, as well as at the 12-week Federal Law Enforcement Training Center's Criminal Investigator Training Program and the 13-week DSS Basic Special Agent Course, I have been educated in investigative manners and methods. I have received specialized training in passport and visa fraud, aggravated identity theft, death investigations, and money laundering techniques commonly used by criminals and organizations to circumvent United States immigration laws.

As a DSS Special Agent, I have participated in investigations concerning violations of various federal criminal law from counterintelligence and national security investigations, passport and visa fraud, false claims to United States citizenship, aggravated identity theft, and conspiracy to commit money laundering, all in violation of Titles 18 and

22 of the United States Code. My primary duties include the investigation of violations of Title 18, United States Code. These investigations have targeted individuals who have fraudulently applied for, either in a fictitious or stolen identity, for a United States passport. Through my training and experience, I have become familiar with the methods by which individuals use false or fictitious identities to assume the identity of another person, as well as illicit methods to create new identities to obtain United States passports and visas, whether to flee the United States to avoid prosecution or to perpetuate other crimes.

The facts of this probable cause statement are based upon my first-hand knowledge, conversations I have had with other law enforcement officers involved in this investigation, and my review of the documentary evidence. The following is merely a summary of the evidence obtained during this investigation and does not reflect my entire knowledge of the investigation. In addition, the evidence discussed in this affidavit does not represent all the evidence collected during the investigation.

On or about December 29, 1977, Leslie Kay PETERSON was convicted of first-degree robbery in Washington Superior Court and sentenced to a 10-year term of probation.

On or about September 7, 1978, a Washington state judge issued a bench warrant for PETERSON's arrest, after he allegedly violated the conditions of his probation by failing to pay a motel bill. PETERSON was never arrested. Instead, upon information and belief, he fled to Mexico. On or about March 29, 1995, a Washington state judge issued a replacement warrant for the same 1978 probation violation.

On July 24, 1998, at the United States embassy in Tegucigalpa, Honduras, an individual purporting to be named "Ronald Allen Steele" applied for a United States Passport. In support of the passport application, "Steele" presented a birth certificate listing PETERSON's birthdate and place of birth, along with a photo of himself that strongly resembled PETERSON. On the application itself, "Steele" listed as an emergency contact his "friend," Darrel Peterson. Upon information and belief, Darrel Peterson is PETERSON's true brother, and neither of them has a relative named "Ronald Allen Steele." "Steele" further listed a social security number for himself that was later

2

determined to belong to a different individual not named "Ronald Allen Steele" or "Leslie Peterson." The embassy in Tegucigalpa granted the passport application and issued the passport ("Steele Passport") to the individual resembling PETERSON who claimed to be named "Ronald Allen Steele."

Over the next 15 years, the Steele Passport was renewed three times: in 2008, at the United States consulate in Cabo San Lucas, Mexico; in August 2013, at the United States consulate in Rome, Italy; and in October 2013, at a United States consulate in Mexico. Each time, the applicant submitted a photo of himself that strongly resembled PETERSON and listed PETERSON's known brother, Darrel Peterson, as an emergency contact. In the 2008 and August 2013 renewal applications, the applicant listed Darrel Peterson as his "friend." In the October 2013 renewal application, the applicant listed Darrel Peterson as his "brother."

On December 6, 2017, Washington State withdrew the 1995 replacement warrant for Peterson's 1978 probation violation.

Customs and Border Protection ("CBP") records show that in the past 10 years, the Steele Passport was used to gain entry to the United States from Mexico on approximately 76 occasions. On at least three of these occasions, CBP surveillance cameras mounted in the inbound vehicle lanes captured the driver using the Steele Passport to gain entry to the United States.

On November 29, 2021, a driver resembling PETERSON used the Steele Passport to gain entry to the United States from Mexico at the Otay Mesa Port of Entry. A woman named Rosalinda De Guadalupe Rodriguez Jordan, listed in other government records as the wife of "Ronald Allen Steele," was in the vehicle's passenger seat:



3

Six months later, on May 24, 2022, the same driver resembling PETERSON used the Steele Passport to gain entry to the United States from Mexico at the Calexico, California Port of Entry. Rodriguez Jordan was again sitting in the passenger seat:



Eleven months later, on April 20, 2023, the same driver resembling PETERSON used the Steele Passport to gain entry to the United States from Mexico at the Calexico, California Port of Entry. On this occasion, two passengers were in the car: Rodriguez Jordan and a third individual named Jacob Manriquez Espinoza:



On September 4, 2024, the Steele Passport was renewed a fourth time. As in the October 2013 renewal application, the applicant listed as an emergency contact PETERSON's known brother, Darrel Peterson, describing him as the applicant's "brother." The photo submitted along with the renewal application strongly resembled PETERSON.

4

On March 6, 2025, a driver used the Steele Passport to gain entry to the United States from Mexico at the Otay Mesa Port of Entry. Later that day, PETERSON applied for a US passport in his own name at the Chula Vista post office. In the application, PETERSON listed as his emergency contact his brother, Darrel Peterson, living at the same address that was listed in the 1998 original passport application and the 2008, 2013, and 2024 renewal applications. As part of the application, PETERSON submitted an updated photo of himself identical to the photo submitted with the 2024 renewal application for the Steele Passport:



Based on my education, training, experience, and the foregoing facts, I believe that PETERSON used the false name "Ronald Allen Steele" to obtain the Steele Passport in 1998, and to renew the same in 2008, 2013, and 2024. I believe that PETERSON likely did this to facilitate his entry into the United States from Mexico and to avoid being stopped and arrested based on the 1995 replacement warrant for his 1978 probation violation. I further believe that PETERSON then used the Steele Passport to gain entry to the United States from Mexico on multiple occasions, including but not limited to the three crossing events detailed above (November 29, 2021; May 24, 2022; and April 20, 2023) when CBP surveillance cameras captured photographs of the driver, who strongly resembled PETERSON, using the Steele Passport to gain entry to the United States. I believe that sometime in 2024 or 2025, PETERSON learned that the State of Washington had withdrawn his probation violation warrant, which prompted him to apply for a United

5

States passport in his own name, rather than the fictitious name "Ronald Allen Steele," on March 6, 2025.

It is further respectfully requested that this Court issue an Order sealing, until further order of this Court, the Complaint and all papers submitted in support thereof, including the probable cause statement and arrest warrant. Sealing is necessary because premature disclosure of the contents of these documents may cause the defendant to flee and/or destroy evidence, and may otherwise have a negative impact on this continuing investigation.